HANNAH YOUMANS et al., appellants,

*v.*

LUTHER Y. PETTY, respondent.

Where a contest over the probate of a will has been duly certified into the circuit court, and the proceedings there appear to have been regular, and the verdict of the jury properly certified into the orphans court, and a decree in conformity with the verdict entered, objections addressed to the discretion of the circuit judge and overruled by him, or objections which, if raised at all, ought to have been raised in the circuit, are no ground for reversing the decree of the orphans court.

---

On appeal from a decree of the orphans court of Warren county refusing probate of a paper writing purporting to be the will of John M. Youmans, deceased.

*Mr. J. F. Dumont* and *Mr. H. S. Harris*, for appellants.

*Mr. J. G. Shipman*, for respondent.

THE ORDINARY.

The appeal is from the decree of the orphans court of Warren county, refusing to admit to probate a paper writing purporting to be the last will and testament of John M. Youmans, deceased. The appeal is from the whole of the decree except so much as awards costs and counsel fees, and the ground of appeal is that the decree is, with the exception before mentioned, erroneous in every part, because the circuit court of Warren county should have decided that the paper is the will of John M. Youmans, deceased, and should be admitted to probate accordingly. It will be perceived that the objection is to the result of the litigation in the circuit court, into which, for trial before a jury, the question involved in the controversy over the instrument was certified by the orphans court, on application in behalf of the caveator. By the record, the question appears to have been duly certified into the circuit court, and the issue there appears to have been duly framed, and the cause duly tried. The verdict of the jury was certified to the orphans court, and the circuit judge certified, also, that there was no request that the testimony or charge be reduced to writing; that no exception was taken, either to the rulings of the court or the charge, and that there was a motion on behalf of the proponents for a new trial, and a motion that the cause be certified thereon into the supreme court, both of which were denied. They were both in the discretion of the circuit judge. I am unable to find any error in the decree complained of. The act (*Rev.* 756 §§ *19, 20*) authorizes the orphans court, on application of either party to a contest over a will, to certify the questions involved into the circuit court of the county, for trial before a jury, and it provides that the verdict shall be subject to be set aside, and a new trial granted in the circuit court, as in other cases in that court, and that the circuit judge may, on the application for a new trial, certify the application to the supreme court for its advisory opinion. It also provides that on the certificate of the circuit judge the orphans court shall proceed to make a decree touching the probate of the will, in accordance with the finding of the issue in the circuit court. There does not appear to have been any objection in the orphans court to the making of the

decree in accordance with the finding of the circuit court. And though there was objection to the action of the court in certifying the question into the circuit court, the order that the question be certified was not appealed from, and it may not be out of place to remark that if it had been, there appears to have been no error in the exercise of the discretion which the act gives to the orphans court in the matter. The decree will be affirmed, with costs.